LAGOMARSINO LAW
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
CHAD D. FUSS, ESQ.
Nevada Bar No. 12744
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
chad@lagomarsinolaw.com
*Attorneys for Plaintiff*

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC DELGADO, individually,<br><br>Plaintiff,<br><br>vs.<br><br>TRUMP RUFFIN COMMERCIAL LLC dba TRUMP INTERNATIONAL HOTEL LAS VEGAS, a Delaware limited-liability company;<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff ERIC DELGADO ("Plaintiff"), by and through his counsel of record, ANDRE M. LAGOMARSINO, ESQ. and CHAD D. FUSS, ESQ. of LAGOMARSINO LAW, and hereby files this Complaint alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought to remedy violations of the rights of Plaintiff under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") based on retaliation and interference.

2. This court has jurisdiction over the FMLA claim under 29 U.S.C.A. § 2617.

3. Personal jurisdiction and venue are appropriate pursuant to 18 U.S.C.A. § 1965 and 28 U.S.C.A. § 1391, since Defendant conducts its affairs at 2000 Fashion Show Drive, Las Vegas,

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

Clark County, Nevada 89109, and the unlawful conduct complained of herein occurred in this district.

**PARTIES**

4. Plaintiff, at all relevant times herein, was a resident of Clark County, Nevada.

5. On information and belief, Defendant TRUMP RUFFIN COMMERCIAL LLC dba TRUMP INTERNATIONAL HOTEL LAS VEGAS ("Trump Hotel"), is a Delaware limited-liability company registered to do business in Nevada and, at all relevant times, did business in Clark County, Nevada.

6. Trump Hotel was Plaintiff's "employer" for purposes of claims set forth herein.

**GENERAL ALLEGATIONS**

7. At all relevant times herein, Trump Hotel had more than fifty (50) employees for each working day during each of twenty (20) or more calendar workweeks of the year, from 2011 through and including 2019.

8. Plaintiff began working for Trump Hotel in 2008, when Trump Hotel initially opened for business in Las Vegas, Nevada, as the Security Manager and E.M.T. trainer, making him an employee within the meaning of FMLA, 29 U.S.C.A. §§ 2611 *et seq*.

9. Plaintiff continuously worked for Trump Hotel as the Security Manager from when Trump Hotel opened for business in 2008 until Plaintiff was informed that he was fired on February 25, 2019.

10. During Plaintiff's ten (10) years of employment with Trump Hotel, Plaintiff received "Manager of the Month" and "Manager of the Year" awards.

11. Plaintiff reported to Clyde Turner ("Turner"), who was the security director for Trump Hotel and an employee of Trump Hotel.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

12. At all relevant times herein, each year that Plaintiff worked for Trump Hotel, Plaintiff worked more than one thousand two hundred fifty (1,250) hours.

13. In 2011, Plaintiff's previously diagnosed serious medical condition ("Serious Medical Condition") was exacerbated requiring continuous medical treatment by his healthcare provider.

14. At all relevant times herein, Plaintiff's Serious Medical Condition occasionally caused him excruciating pain and bleeding, which made Plaintiff unable to perform his job duties for Trump Hotel from time to time because of his need to seek treatment.

15. In March 2012, Plaintiff began receiving intermittent leave from his job at Trump Hotel under FMLA.

16. At all relevant times herein, Plaintiff always gave adequate notice, pursuant to Trump Hotel's policies and procedures, regarding taking time off under intermittent FMLA leave, when Plaintiff was not able to work due to his Serious Medical Condition.

17. At all relevant times herein, Trump Hotel never sought a second opinion regarding the certification of Plaintiff's Serious Medical Condition.

18. On occasion from 2012 to 2019, when Plaintiff returned to work after taking a short amount of time off pursuant to his intermittent FMLA leave, Plaintiff was threatened by Turner, who told Plaintiff that he was unreliable and that Plaintiff's job was at stake because of all the time he was taking off.

19. Also, from 2012 to 2019, Turner regularly yelled at Plaintiff for taking time off under FMLA.

20. On November 8, 2016, Plaintiff was disciplined by Trump Hotel for not answering his phone, while he was at home and not working. Plaintiff did not answer his phone because he had taken his medication for his Serious Medical Condition, which causes drowsiness, and Plaintiff was asleep.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864    Facsimile: (702) 383-0065

21. On occasion in 2018, in retaliation for taking time off work under FMLA, Plaintiff's shift was changed from swing shift (2:00 pm to 10:00 pm) to graveyard shift (11:00 pm to 8:00 am).

22. On occasion in 2018, in retaliation for taking time off work under FMLA, Plaintiff was assigned to work the graveyard shift one day and then come back to work five (5) hours later to cover Turner's role in a meeting with the security department.

23. Regularly, in 2018 and 2019, Plaintiff's supervisor Turner would refer to Plaintiff using feminine pronouns, such as "she."

24. In 2018 and 2019, Plaintiff's supervisor Turner, when discussing Plaintiff's Serious Medical Condition, told Plaintiff he "needed to change his maxipad or tampon."

25. In retaliation for taking time off work under FMLA, Plaintiff was denied holidays off.

26. In 2018, after Plaintiff took off time under FMLA, Defendant took away job responsibilities from Plaintiff, including scheduling and payroll.

27. At all relevant times herein, as part of Plaintiff's job, he trained other employees in CPR, first-aid, and life saving techniques with the use of an automated external defibrillator.

28. In 2018, Trump Hotel requested that Plaintiff train employees in CPR, first-aid, and life saving techniques with the use of an automated external defibrillator.

29. However, after taking time off under FMLA, Plaintiff was not allowed to train employees in CPR, first-aid, and life saving techniques with the use of an automated external defibrillator.

30. In 2018, after Plaintiff took off a day under FMLA, the Human Resources Department for Trump Hotel asked him where he was and made implied threats that Plaintiff would lose his job if he continued to take time off under FMLA.

31. In 2018, the Human Resources Department Director for Trump Hotel, LaDawndre Stinson ("Stinson"), accused Plaintiff of abusing his FMLA leave.

32. At all relevant times herein Stinson was an employee of Trump Hotel.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

33. In November 2018, Stinson told Plaintiff that he needed to get his Serious Medical Condition fixed because he had been receiving FMLA leave for too long.

34. In November 2018, Plaintiff asked Trump Hotel to convert his intermittent FMLA leave to a block of time, so Plaintiff could take a month off work to recover from surgery related to his Serious Medical Condition.

35. In November 2018, after Plaintiff asked to convert his FMLA leave to a block of time, Stinson and Turner told Plaintiff that it would not be in his best interest to take a block of time off work.

36. Plaintiff worked the night of New Year's Eve, December 31, 2018 into January 1, 2019, even though he should have taken time off due to his Serious Medical Condition. Plaintiff was afraid to take time off on New Year's Eve because of the threats Stinson and Turner made to him in the past. On New Year's Eve, December 31, 2018, Plaintiff's blood pressure was so high due to his Serious Medical Condition that he almost suffered a stroke and had to have another employee with him at all times to care for him.

37. In November and December 2018, Trump Hotel updated the computers throughout the security department.

38. In January 2019, Plaintiff asked the director of the Information Technology Department of Trump Hotel, Andrew Santiago, if Plaintiff could purchase the computer he had previously used to perform his job duties, so that Plaintiff could give his daughter said computer.

39. Mr. Santiago had the authority to give Plaintiff the computer Plaintiff had previously used to perform his job duties that was no longer being used by the Trump Hotel, since said computer was obsolete by Trump Hotel standards and had been replaced.

40. Mr. Santiago told Plaintiff that Plaintiff could have the computer free of charge.

41. Upon Mr. Santiago's approval, Plaintiff took the computer home.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

42. The day after Plaintiff took the computer home, Stinson, director of Human Resources department for Trump Hotel, and Turner, Plaintiff's supervisor, questioned Plaintiff about taking the computer.

43. Plaintiff informed Stinson and Turner that he had been given permission to take the computer from Mr. Santiago.

44. While Plaintiff was questioned for taking the computer, Plaintiff again informed Stinson and Turner that he needed to change his FMLA leave to a block of time so that he could get surgery for his Serious Medical Condition.

45. On or around February 11, 2019, Plaintiff was suspended from work for taking property without permission, while Stinson and Turner investigated Plaintiff's alleged taking property without permission.

46. Upon information and belief, Mr. Santiago informed Stinson and Turner that Mr. Santiago had given permission to Plaintiff to take the computer.

47. On February 25, 2019, Plaintiff was notified that he was involuntarily terminated from his job with Trump Hotel.

48. Defendant did not have a valid reason for terminating Plaintiff from his job.

49. Trump Hotel failed to act in good faith when it involuntary terminated Plaintiff from his job, in violation of FMLA.

**<u>FIRST CLAIM FOR RELIEF</u>**

**Discrimination and Retaliation under FMLA; Violation of 29 USCA § 2615(a)(2)**

**(Against All Defendants)**

50. Plaintiff repeats and realleges the allegations in the prior paragraphs as though fully set forth herein.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

51. In November 2018 ("First Request") and again in December 2018 ("Second Request") Plaintiff properly invoked his FMLA rights to request a block of time off to treat his Serious Medical Condition.

52. Prior to, and in, November and December 2018, Trump Hotel was aware that Plaintiff's Serious Medical Condition was worsening and that Plaintiff needed surgery to treat his Serious Medical Condition.

53. In November 2018, after Plaintiff requested time off to treat his Serious Medical Condition, Trump Hotel employees made threats that Plaintiff's job needs to be a priority, that they would have to work around Turner's schedule and they would revisit Plaintiff's request for time off in February 2019.

54. In December 2018, Plaintiff informed Trump Hotel that he had a doctor's appointment in February 2019 to adjust his intermittent FMLA to a block of time to have surgery to treat his Serious Medical Condition.

55. Finally, in February 2019, Plaintiff made a third attempt to change his intermittent FMLA leave to a block of time to have surgery to treat his Serious Medical Condition.

56. Trump Hotel denied Plaintiff's request for one month leave under FMLA due to the fact that Trump Hotel involuntarily terminated Plaintiff's job.

57. As set forth above, at all relevant times herein, Trump Hotel was aware of Plaintiff's Serious Medical Condition.

58. On February 25, 2019, Plaintiff was informed that he was involuntarily terminated from his job with Trump Hotel.

59. Plaintiff was involuntarily terminated from his job with Trump Hotel as a result of invoking his FMLA rights by requesting one month leave to have surgery to treat his Serious Medical Condition.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

60. Trump Hotel's allegation that Plaintiff was terminated from his job for taking property without permission is a pretext and not the actual reason Plaintiff was fired from his job.

61. Trump Hotel's conduct constitutes retaliation against Plaintiff's exercise of his FMLA rights by, among other things, failing or refusing to properly allow Plaintiff to exercise his rights under the FMLA and subjecting Plaintiff to adverse employment actions by terminating Plaintiff's employment as a result of his exercise of FMLA rights.

62. As a direct and proximate result of Trump Hotel's conduct, by and through its employees, Plaintiff was prejudiced by Trump Hotel's actions because Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages in the form of past, present, and future lost earnings and other benefits.

63. Trump Hotel's conduct, by and through its employees, was willful, intentional, oppressive, malicious and done with wanton and reckless disregard for the Plaintiff's rights.

64. As a result of Trump Hotel's conduct, by and through its employees, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to reasonable attorney's fees and costs.

65. Plaintiff is also entitled to liquidated damages as a result of the Trump Hotel's conduct.

**<u>SECOND CLAIM FOR RELIEF</u>**

**Interference Under FMLA; Violation of 29 USCA § 2615(a)(1)**

**(Against All Defendants)**

66. Plaintiff repeats and realleges the allegations in the prior paragraphs as though fully set forth herein.

67. As set forth above, at all relevant times herein, Plaintiff was an eligible employee under FMLA.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

68. As set forth above, at all relevant times herein, Trump Hotel was an employer as defined under FMLA.

69. As set forth above, at all relevant times herein, Plaintiff was entitled to receive FMLA benefits.

70. As set forth above, at all relevant times herein, Plaintiff gave adequate notice to Trump Hotel of his intention to take leave under FMLA.

71. Trump Hotel interfered, restrained, and denied Plaintiff's rights under 29 USCA §2601 *et seq.* by interfering with his right to utilize FMLA qualified leave and terminating Plaintiff as a result of using and/or requesting said leave.

72. As a result of Trump Hotel's threats to Plaintiff, by and through its employees, as set forth above, related to Plaintiff taking time off work under FMLA, Plaintiff was dissuaded from exercising his FMLA rights.

73. As a result of Trump Hotel's threats to Plaintiff, by and through its employees, as set forth above, related to Plaintiff taking time off work under FMLA, Plaintiff was directly or indirectly denied FMLA leave.

74. As a direct and proximate result of Trump Hotel's conduct, by and through its employees, Plaintiff was prejudiced by Trump Hotel's actions because Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages in the form of past, present, and future lost earnings and other benefits.

75. Trump Hotel's conduct, by and through its employees, was willful, intentional, oppressive, malicious and done with wanton and reckless disregard for the Plaintiff's rights.

76. As a result of Trump Hotel's conduct, by and through its employees, Plaintiff has been required to retain the services of an attorney and as a direct and foreseeable result, has been damaged and is entitled to reasonable attorney's fees and costs.

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241 • Henderson, Nevada 89052
Telephone: (702) 383-2864 Facsimile: (702) 383-0065

77. Plaintiff is also entitled to liquidated damages as a result of the Trump Hotel's conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff as follows:

1. Awarding damages pursuant to the Family and Medical Leave Act, 29 USC § 2601 *et seq.*;
2. Awarding liquidated damages;
3. Awarding prejudgment interest;
4. Awarding Plaintiff fees and costs associated with bringing this action; and
5. Granting such other and further relief as this Court deems necessary and proper.

DATED this 18th day of March, 2019.

LAGOMARSINO LAW

ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
CHAD D. FUSS, ESQ.
Nevada Bar No. 12744
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff demands a jury trial on all issues triable by a jury herein.

DATED this 18th day of March, 2019.

LAGOMARSINO LAW

ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
CHAD D. FUSS, ESQ.
Nevada Bar No. 12744
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
*Attorney for Plaintiff*